IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES EVANS III, | ) | 8:12CV235 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| PATTI SPAWN, (Bailiff to Judge | ) | |
| Coffey), | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Charles Evans ("Evans") filed his Complaint in this matter on July 6, 2012. (Filing No. 1.) Evans has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.     SUMMARY OF COMPLAINT

Evans filed his Complaint against Judge Coffey's Bailiff, Patti Spawn ("Spawn"). (Filing No. 1.) Evans alleges Spawn violated his due process and equal protection rights when she "set a hearing on a motion for summary judgment [two] months away" in a pending state court case. (*Id*. at CM/ECF p. 1.) Evans seeks an injunction against further violations of his rights and whatever else the court thinks is fair and just. (*Id*. at CM/ECF pp. 2-3.)

## II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim,

that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

**III.    DISCUSSION OF CLAIMS**

Like judges, bailiffs enjoy absolute immunity. This "absolute quasi-judicial immunity" extends to bailiffs for actions "specifically ordered by the trial judge and related to the judicial function." *Martin v. Hendren*, 127 F.3d 720, 721 (8th Cir. 1997); *see also Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993) (concluding that when judicial immunity is extended to officials other than judges, it is because they also exercise discretionary judgment as part of their function).

Here, Evans alleges that Spawn violated his due process and equal protection rights when she "set a hearing on a motion for summary judgment [two] months away" in a pending state court case. (Filing No. 1 at CM/ECF p. 1.) The act of scheduling a hearing is clearly judicial in nature and Spawn is entitled to absolute quasi-judicial immunity. *See, e.g., Rodriguez v. Weprin*, 116 F.3d 62, 66-67 (2d Cir. 1997) (concluding court clerks were entitled to quasi-judicial immunity for harms

related to failing to properly manage the court's calender because a "court's inherent power to control its docket is part of its [judicial] function"). Accordingly,

    IT IS THEREFORE ORDERED that:

    1.    Evans' Complaint (filing no. 1) is dismissed with prejudice because Spawn is entitled to absolute qualified-judicial immunity.

    2.    A separate judgment will be entered in accordance with this Memorandum and Order.

    DATED this 24th day of August, 2012.

    BY THE COURT:

    s/ Joseph F. Bataillon
    United States District Judge

---

    *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.